THOMAS CROUCHER *vs.* SAMUEL OAKMAN & another.

Where evidence was introduced by both parties upon a material question, and the excep-
tions show that the jury were instructed that the question was immaterial, without stat-
ing any evidence in the case which would make it immaterial, the exceptions must be
sustained.

CONTRACT to recover of the owners of the bark Laroy for
services as first officer thereof, and certain expenses. At the
trial in the superior court, before *Vose*, J., a verdict was returned
for the plaintiff, and the defendants alleged exceptions. The
facts are stated in the opinion.

*S. J. Thomas*, for the defendants.

*E. Merwin*, for the plaintiff.

HOAR, J. It is conceded that evidence of the incompetency
of an officer of a vessel to do the duties for which he is em
ployed may be admissible and material in the defence of a suit
brought by him to recover his wages. Evidence upon this point
was admitted at the trial on both sides, and argued to the jury.
The judge who presided instructed the jury in his charge, that,
upon the evidence in the case, the question of the plaintiff's
competency to discharge the duties of mate was quite immate-
rial, and constituted no defence to the action. But it is not
stated that there was any evidence in the case which would
affect the result of the evidence upon the question of his incom-
petency. It had been admitted, and *prima facie* appears to
have been material and important to the defence. Yet it was
not submitted to the jury, but they were instructed to disregard
it. To this instruction, based upon no facts or reasons which
the exceptions disclose, the defendants excepted. If there were
any facts in evidence which would authorize such an instruc-
tion, they should have been reported by the judge. The in-
struction, as it stands, is apparently without justification and
erroneous.                                    *Exceptions sustained.*